IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES D. WARE                                         PLAINTIFF

v.                  CASE NO. 4:16-CV-00492 BSM

UNITED PARCEL SERVICE, INC. and
JIMMY MCCLURE                                 DEFENDANTS

## ORDER

Plaintiff James Ware's motion to dismiss and to remand [Doc. No. 10] is granted. Ware's dismissal "operates as an adjudication on the merits" because "[Ware] previously dismissed [a] federal-or state-court action based on or including the same claim." Fed. R. Civ. P. 41(a)(1)(B). *See Ware v. United Parcel Service, Inc. And Jimmy McClure*, No. 4:14CV00740 BSM (E.D. Ark. Nov. 12, 2015), ECF No. 17 ("Plaintiff moves for an Order dismissing this matter without prejudice."). Defendants United Parcel Service ("UPS") and Jimmy McClure have stipulated to dismissal of Ware's federal-law claims with prejudice. Doc. No. 12, at 1. Accordingly, Ware's claims under the Americans with Disabilities Act ("ADA") and the Employee Retirement Income Security Act ("ERISA") are dismissed with prejudice.

Although UPS and McClure do not oppose dismissal of Ware's federal claims, they ask that the district court retain jurisdiction over Ware's remaining state claim due to the "significant progress of litigation in this Court." *Id.* "If the district court dismisses every claim over which it had original jurisdiction, the court maintains its broad discretion to exercise supplemental jurisdiction over any remaining state-law claims. *Thomas v. United*

*Steelworkers Local 1938*, 743 F.3d 1134, 1141 (8th Cir. 2014). "Substantial investment of judicial time and resources, as well as other factors such as convenience, fairness, and comity, may justify the exercise of jurisdiction over the state claims after the federal [claims have] been dismissed from the suit." *Murray v. Wal Mart, Inc.*, 874 F.2d 555, 558 (8th Cir. 1989); *State of N.D. v. Merchants Nat. Bank & Trust Co., Fargo, N.D.*, 634 F.2d 368, 371 (8th Cir. 1980). Aside from granting a voluntary and unopposed dismissal in this case's predecessor, this court has not made any substantive rulings in either of Ware's cases. *See Ware v. United Parcel Service, Inc. And Jimmy McClure*, No. 4:14CV00740 BSM (E.D. Ark. Nov. 12, 2015), ECF No. 18 (granting dismissal). Accordingly, judicial economy is not a strong factor weighing in favor of retaining jurisdiction over a claim falling solely under the Arkansas Civil Rights Act.

UPS and McClure claim that sending the case back to state court would be unfair because it will further prolong resolution, and it is clear that Ware is dismissing his state claims because he prefers a state forum, but "[t]he fact that . . . a plaintiff might attempt to manipulate the forum by deleting federal-law claims and requesting remand is a concern which . . . hardly justifies a categorical prohibition on the remand of all cases involving pendent state-law claims." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 344, (1988). UPS and McClure stipulated to dismissal of Ware's federal claims with prejudice, and very limited time and/or resources have been invested herein. No basis for supplemental jurisdiction exists because no issue remains over which this court has original jurisdiction. *Clark v. Iowa State Univ.*, 643 F.3d 643, 645 (8th Cir. 2011).

Accordingly, Ware's ADA and ERISA claims are dismissed with prejudice, and his remaining claim under the Arkansas Civil Rights Act is remanded.

IT IS SO ORDERED this 4th day of May 2017.

_____
UNITED STATES DISTRICT JUDGE